# STATE OF MICHIGAN

# COURT OF APPEALS

TONYA CATHERINE SCHILLER, also known as
TONYA CATHERINE LUCKHAM

UNPUBLISHED
December 27, 2018

Plaintiff-Appellant,

v

No. 340254
Livingston Circuit Court
LC No. 08-041326-DM

KENNETH EUGENE SCHILLER,

Defendant-Appellee.

Before: SWARTZLE, P.J., and SAWYER and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals by leave granted an order of the circuit court denying plaintiff's motion for a protective order to preclude defendant from deposing her attorney. We dismiss the appeal as moot.

The instant dispute arises nine years after the parties' divorce and ultimately involves issues of custody and parenting time. In connection with that dispute, defendant sought to take the deposition of plaintiff's attorney regarding a conversation the attorney had with the children and a subsequent referral to CPS. Defense counsel indicated that information was being sought regarding possible contempt of court and assured the trial court that the deposition would be limited to nonprivileged information. With that assurance, the trial court denied plaintiff's motion and allowed the deposition to move forward. Specifically, the following exchange occurred at the hearing:

> THE COURT: [T]hey're supposed to work together regarding the children and one of the allegations was you had this attorney talk to them without my permission.
>
> MS. NALLEY [defense counsel]: That's one.
>
> THE COURT: Okay. What else are you looking for from Mr. Nagle [plaintiff's counsel]?
>
> MS. NALLEY: A couple of things your Honor. Secondly, what also happened after these interviews is Mr. Nagle bypassed the process – Mr. Nagle and his client bypassed the process of this court through its court appointed

-1-

therapist for the child as well as the parenting time coordinator, and what they did is they call CPS. Specifically Mr. Nagle. Mr. Nagle's information received from the children is not confidential. That information led him to make a complaint that was not substantiated. I have laid down a history in this case of mother's attempt to interfere with dad's parenting time relationship with his children, in many different ways. This is yet another opportunity that she has used and unfortunately this attorney may be an unwitting participant, but it is true that the information that he got from the children is necessary to defend my client with regard to CPS allegations, potential criminal allegations because now the police have been involved.

        THE COURT: So you don't, you don't intend to question him regarding his discussions with his client?

        MS. NALLEY: None.

        THE COURT: Just regarding his interview with the kids and then his referral for – his referral to CPS?

        MS. NALLEY: Absolutely.

        THE COURT: Is that the extent of it?

        MS. NALLEY: That is the extent of it.

The circuit court denied the protective order and noted to mother's counsel, "if you have objections during the deposition you need to make them. If you want to appeal my decision you can do that."

Plaintiff chose to appeal, but did not obtain a stay. As a result, the deposition has already occurred. Accordingly, we fail to see what possible relief we can grant at this point. That is, even if we agree with plaintiff's arguments, we cannot prevent the taking of a deposition that has already been taken. Rather, if any objections remain to questions asked at the deposition, the parties may go to the trial court to resolve those. And, of course, an aggrieved party may seek a future appeal from the trial court's ruling on those specific objections. But, as for the trial court's refusal to issue the protective order, the issue is moot.

Dismissed. Defendant may tax costs.

/s/ Brock A. Swartzle
/s/ David H. Sawyer
/s/ Amy Ronayne Krause